IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

NICHOLAS LEE GORDON,

    Petitioner,

v.                                                                                                               No. 1:18-cv-01111-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

    Petitioner, Nicholas Lee Gordon, a federal prisoner, has filed a motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry "D.E." 1.) On preliminary review of the Petition, the Court finds that it plainly appears that the inmate is not entitled to relief. The Petition is therefore summarily DENIED.[1]

    In July 2008, Gordon pled guilty in the United States District Court for the Western District of Tennessee to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a). (*United States v. Gordon*, No. 1:08-cr-10008-JDB-1 ("No. 08-cr-10008"), D.E. 23.) He was determined to be a career offender under § 4B1.1 of the United States Sentencing Commission Guidelines Manual ("Guidelines" or "Sentencing Guidelines" or "U.S.S.G."), based on, among other reasons, a Tennessee conviction for attempted aggravated robbery.[2] (Presentence Report

---

    [1] Unless otherwise noted, record citations are to Case No. ("No.") 1:18-cv-0111-JDB-jay.

    [2] Under U.S.S.G. § 4B1.1, a defendant is a career offender if, among other bases, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

1

(the "PSR") at ¶ 18 & Worksheet C.) In November 2008, the Court imposed a sentence of 262 months of incarceration and five years of supervised release. (No. 08-cr-10008, D.E. 32.) Judgment was entered several days later, (*id.*, D.E. 33), and Petitioner did not take a direct appeal.

Nearly ten years after entry of judgment, the inmate filed his federal Petition, asserting that the Supreme Court's decision in *Session v. Dimaya*, 138 S. Ct. 1204 (2018), rendered invalid his designation as a career offender. (D.E. 1 at PageID 4–16.) He argues, specifically, that his conviction for attempted aggravated robbery can no longer be used as a predicate offense under the career offender provision.[3] (*Id.* at PageID 15–16.)

A prisoner seeking to vacate his sentence under § 2255 "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the [petition], any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the" petition. Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

In *Johnson v. United States*, the United States Supreme Court held that the residual clause contained in the Armed Career Criminal Act's definition of "violent felony," 18 U.S.C. §

---

[3] Petitioner acknowledges that he filed the Petition more than one year after his judgment of conviction became final, but argues that *Dimaya* announced a new rule of law triggering the limitations provision set forth in 28 U.S.C. § 2255(f)(3). (D.E. 1 at PageID 1, 5–7.) Because the Court concludes that the Petition's sole claim is without merit, it does not reach the limitations issue. *See Pough v. United States*, 442 F.3d 959, 965 (6th Cir. 2006) ("[A] district court is not required to rule on whether an asserted statute of limitations bar applies if the § 2255 motion may be denied on other grounds.") (quoting *Aron v. United States*, 291 F.3d 708, 718 (11th Cir. 2002)).

924(e)(2)(B)(ii), is unconstitutionally void for vagueness. 135 S. Ct. 2551, 2257 (2015). Therefore, an enhanced sentence under the residual clause violates due process as guaranteed by the Fifth Amendment. *Id.* In *Dimaya*, the Supreme Court extended its holding in *Johnson* to the definition of "crime of violence" under 18 U.S.C. § 16(b), as incorporated into the Immigration and Nationality Act, 8 U.S.C. § § 1101(a)(43). 138 S. Ct. at 1210-11.

*Dimaya* does not entitle Petitioner to relief from his enhanced sentence. On March 6, 2017, the Supreme Court refused to extend *Johnson*'s reasoning to the Guidelines. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017). The Court explained that, because "the advisory Guidelines do not fix the permissible range of sentences," they "are not subject to a vagueness challenge under the Due Process Clause." *Id.*

Because the claim is without merit, the Petition is DENIED.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Amended Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[4]

IT IS SO ORDERED this 28th day of March, 2019.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.